IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE DIPILATO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 08-2402 |
| COMMONWEALTH ASSOCIATION | : | |
| OF SCHOOL ADMINISTRATORS, | : | |
| LOCAL 502, | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

I.  BACKGROUND

From January 1, 2000, until November 13, 2006, the plaintiff George DiPilato ("DiPilato") was president of the Commonwealth Association of School Administrators, Local 502 ("Local 502"), an affiliate of the International Brotherhood of Teamsters ("IBT").  On March 14, 1989, the Southern District of New York issued a Consent Decree in United States of America v. International Brotherhood of Teamsters, 88 CIV 4486 (S.D.N.Y.), which created an Independent Review Board ("IRB") to investigate corruption within the IBT and to take final and binding action.  In 1990, the Southern District of New York entered a permanent injunction under 20 U.S.C. § 1651(the "All Writs Act") against the filing of any suit seeking to litigate matters relating to the Consent Decree in any forum other than the Southern District of New York.  United States of America v. International Brotherhood of Teamsters, 728 F.Supp 1032 (S.D.N.Y. 1990).

In 2007, under the authority of that Consent Decree, the IRB recommended that charges be brought against DiPilato for embezzlement and conversion of funds and property.  DiPilato,

the IBT, and the IRB entered into an agreement that was approved by the Honorable Loretta A. Preska and entered as an order ("Order") on November 21, 2007 (Affidavit and Agreement In the Matter of George DiPilato Before the Independent Review Board, 88 CV 4486 (LAP)).  The Order provided that DiPilato may not receive any money from any IBT entities, except "fully vested or accrued pension, vacation or other benefits under any existing benefit plans or programs maintained or sponsored by Local 502 or other IBT entities." (Doc. #1, Defendant's Notice of Removal, p. 3).

On April 25, 2008, DiPilato brought this action against Local 502 seeking payment under the Pennsylvania Wage Payment and Collection Act, 43 P.S. § 260.1, ("WPCA") for unused vacation days, personal days, sick days, and un-reimbursed professional education expenses.  On May 21, 2008, Local 502 removed this action (Doc. #1) to the Eastern District of Pennsylvania claiming federal question jurisdiction under 28 U.S.C. §§ 1331 and the All Writs Act.  On May 23, 2008, Local 502 moved to transfer the case (Doc. #2) to the Southern District of New York because the case required an interpretation of the Order and related to the Consent Decree that gave rise to the Order.   Also on May 23, DiPilato moved to remand the case (Doc. #3) to state court contending that it is well-settled that the All Writs Act does not provide a basis for federal question jurisdiction.  In the same motion, DiPilato also requested attorney fees under 28 U.S.C. § 1447(c).  On June 9, Local 502 filed a Response to DiPilato's Motion to Remand (Doc. #7), conceding that there was no federal question jurisdiction under the All Writs Act.  As a basis for federal question jurisdiction, Local 502 argued that this case not only requires interpretation of the Order but also requires interpretation of the IBT Constitution because the charges originally filed against DiPilato were filed under the IBT Constitution.  Local 502 contends that the IBT Constitution is a contract between labor organizations and therefore section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185(a) ("section 301"), completely preempts DiPilato's state law claims under the WPCA.

II.  DISCUSSION

**A. Federal Question Jurisdiction[1]**

Under the "well-pleaded complaint rule," federal jurisdiction only exists when there is a federal question on the face of the complaint. Caterpillar Inc., et al. v Williams, et al., 482 U.S. 386, 392-93 (1987).  There is no federal question on the face of the complaint that DiPilato filed in state court - DiPilato only asserted claims under the WPCA.  A case may not be removed on the basis of a federal defense, including the defense of pre-emption. Id. at 393.  The "complete pre-emption doctrine," a corollary to the well-pleaded complaint rule, provides that a court can decide that a statute's pre-emptive force is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim." Id. (citations omitted).  Depending on the circumstances, section 301 can confer federal question jurisdiction under the "complete pre-emption doctrine." Id.  Section 301 provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a)

In Caterpillar, the Supreme Court held that respondents' state law contract claims would only be completely preempted by section 301 if respondents had alleged in their complaint that Caterpillar breached any collective bargaining agreement, or if their complaint was "substantially

---

[1] Neither party contends that there is diversity jurisdiction in this case.

dependent upon interpretation of the collective-bargaining agreement." Id. at 386.  In fact, the Caterpillar Court held that the claims in that case were not completely preempted because, even though respondents could have brought suit under the collective agreement, they chose not to. Id.  In accordance with the Supreme Court's ruling in Caterpillar, the Third Circuit held that "[i]n order to determine whether a party's state law claim is preempted per section 301, we look to see whether resolution of the claim depends on the meaning, or requires the interpretation of, a collective bargaining agreement."  Antol v. Esposto, 100 F.3d 1111, 1124 (3d Cir. 1997). Without allegation of a collective bargaining agreement, section 301 does not completely preempt a party's state law claims and therefore does not provide a basis for federal question jurisdiction.

      DiPilato has not brought suit under any collective bargaining agreement.  Instead, he seeks compensation under an individual contract with his previous employer, Local 502.  Neither party has indicated that this action implicates any interpretation of a collective bargaining agreement.  Moreover, section 301 only applies to actions between an employer and a labor organization or between two labor organizations.  Section 301 does not apply to this action because the contract at issue is between a labor organization and its employee. Therefore, DiPilato's state law claims are not completely preempted by section 301, no federal question jurisdiction exists, and this court lacks the power to transfer this case.  "Where, as here, the court lacks jurisdiction over the subject matter, [a defect that] precludes it from acting at all, a fortiori a court lacks power to transfer."  Atlantic Ship Rigging Co., Inc. v. McLellan, 288 F.2d 589, 591 (3d Cir. 1961).

**B. Attorney's Fees**

      "Absent unusual circumstances, courts may award attorney's fees under section 1447(c)

only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Litigation involving labor organizations involves a complicated area of law, and there was previous litigation surrounding this action in the Southern District of New York. Therefore, I decline to award attorney's fees because there was an objectively reasonably basis for seeking removal.

# **ORDER**

**AND NOW**, this ___31st_____ day of October, 2008, Plaintiff's Motion to Remand (Doc. #3) is **GRANTED** and this case is **REMANDED** to the Philadelphia Court of Common Pleas without prejudice to the defendant to raise this issue before the Honorable Loretta A. Preska under the November 21, 2007 Order (88 CV 4486 (LAP))

.                                                                                                     s/Anita B. Brody

                                                                                            _____
                                                                                            ANITA B. BRODY, J


Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to: